**GREEN, Plaintiff-Appellee, v. SHOUGH et, Defendants-Appellants.**

Ohio Appeals, Second District, Fayette County.

No. 313.  Decided December 4, 1958.

Junk & Junk, Washington C. H., for plaintiff-appellee.

Otis B. Core, Washington C. H., for defendant, Gladys Shough, appellant.

## OPINION

By THE COURT:

This is an appeal from a judgment dismissing the cross-petition of defendant, Gladys Shough, after the court had sustained plaintiff's demurrer thereto.

The action as instituted by plaintiff was in partition and against defendants, Cleveland W. Shough, Frank Shough and Walter S. Shough, and other named defendants.

It alleged that plaintiff was the owner of an undivided one-half interest in the property described in the petition; that the three defendants herein named were the owners of an undivided 1/10 interest therein and that certain other named defendants had fractional interests therein which interests were set up.

Succeeding the filing of the petition, defendant, Cleveland W. Shough died. His surviving spouse, Gladys Shough, was named the executrix of his estate and she was then made a party-defendant, individually and as executrix. She filed a cross-petition.

Defendant Gladys Shough averred that the real estate described in the petition was ancestral property which was owned by James W. Green at the time of his death, December 27, 1912; that James W. Green and his spouse had no children but that he left Sarah Green (Lynch) surviving him and that she died on December 24, 1957. The cross-petition further averred that James W. Green upon his death was survived by two brothers, Grant and Walter Green and six legal representatives of a deceased sister.

It is further alleged that Grant Green, a brother of James W. Green, died January 27, 1950, testate, willing his entire estate to Cleveland W. Shough, whose estate defendant-appellant Gladys Shough represents. Defendant asserted that the interest of Cleveland W. Shough, her deceased husband, consisted of a 1/3 interest in the premises described in the petition by reason of the devise from Grant Green to Cleveland W. Shough together with a 1/15 interest, of which defendant asserted, she was the owner, less in proportion than the plaintiff alleged she owned, namely, a 1/10 interest.

The theory of plaintiff's demurrer to the cross-petition of defendant, Gladys Shough was that by reason of §8573 GC, as effective in 1912, at the date of the death of James W. Green, his brother, Grant Green,

took no interest in the property owned by James W. Green and therefore, could not devise any part thereof to Cleveland W. Shough.

Defendant Gladys Shough differs in the interpretation insisted upon by plaintiff and also cites §2131.04 R. C., that:

"Remainders, whether vested or contingent, executory interest, and other expectant estates are descendible, devisable and alienable in the same manner as estates in possession."

Manifestly, if Grant Green succeeded to any estate mentioned by §2131.04 R. C., formerly §10512-4 GC, his devise to Cleveland W. Shough was effective. If no title to any of the real estate owned by James W. Green vested in said Grant Green, then, his will was of no effect because he had no property to devise.

A determination of the issue between the parties, then, resolves into a proper construction of §8573 GC, as it read in 1912, the date of the death of James W. Green. The section read:

"When a person dies intestate, having title or right to any real estate or inheritance in this state, which title came to such intestate by descent, devise, or deed of gift from an ancestor, such estate shall descend and pass in parcenary to his or her kindred in the following course:

"1. To the children of such intestate, or their legal representatives.

"2. If there are no children or their legal representatives living, the estate shall pass to and vest in the husband or wife relict of such intestate, during his or her natural life.

"3. If such intestate leave no husband or wife, relict of himself or herself, **or at the death of such relict**, the estate shall pass to and vest in the brothers and sisters of the intestate who are of the blood of the ancestor from whom the estate came, or their legal representatives, whether such brothers and sisters be of the whole or half blood of the intestate.

"4. . . . . . . .

"5. . . . . . . .

"6 . . . . . . ."

We are of opinion that the emphasized portion of Paragraph 3 of the quoted section of the General Code compels the conclusion that the vesting of the estate therein defined did not occur until the death of such relict. In this case, upon the death of Sarah Green (Lynch) which occurred on December 24, 1957, Grant Green, the brother of James Green having died on June 27, 1950, no part of the estate of James W. Green, the subject matter of the action in partition vested in him.

The cases cited by appellee are, as suggested by counsel for the appellant, mostly will cases, but they are pertinent because they recognize the well-established rule that the law favors the vesting of estates at the earliest possible moment but, that if there is a clearly expressed intention to postpone the vesting to some future time, such purpose must be given affect. The **Ohio National Bank of Columbus, Trustee, v. Boone, 139 Oh St 361.**

The intention of the controlling statute as we read it is to postpone the vesting of the prospective interest of Grant Green until the death of Sarah Green (Lynch) the relict of James W. Green.

We find no error assigned well made.
The judgment will be affirmed.

HORNBECK, PJ, WISEMAN and CRAWFORD, JJ, concur.